## Wilson v. The Burlington & Missouri River R. R. Co.

### Appeal from Union District Court — Friday, February 23.

#### NEW TRIAL: CONFLICTING EVIDENCE.

ACTION to recover damage for the loss of a horse killed by a train upon defendant's road. Two counts in the petition set out the grounds of recovery. The first count claims recovery, because the defendant's road was not fenced where the horse was killed; the second, on the ground that the injury was done through carelessness of defendant's servants. There was a verdict and judgment for plaintiff. Defendant appeals.

*H. Strong* for the appellant — *Phillips & Phillips* for the appellee

BECK, Ch. J. — The only ground of objection made by defendant's counsel to the judgment is, that the verdict of the jury is contrary to

the evidence. No complaint is made of the rulings by the court upon the law of the case.

The evidence is conflicting upon the facts of the case, given in evidence for the purpose of establishing negligence on the part of those operating the train which ran over plaintiff's horse. Plaintiff's witnesses testify that the rate of speed, at the time the engine struck the horse, was from twelve to fourteen miles an hour; defendant's witnesses assert that it was from three to five. There is also conflict as to signals and alarms given by the engineer, and whether there were efforts to stop the train. Defendants' engineer and conductor, who were in charge of the train, agree, in their testimony, that the usual and customary running time for such trains as the one causing the injury was six miles per hour when passing through towns. There is no contradictory evidence upon this point. The accident occurred within the limits of the town of Osceola. The evidence of plaintiff tends to establish that the train was running through the town at an unusual rate of speed, and that no signals or alarms were given, and no efforts made by those operating the train to stop it or check its speed, in order to avoid striking plaintiff's horse. These facts, if found by the jury, would sufficiently support the verdict. The evidence on behalf of defendant was in conflict with plaintiff's testimony. We are not required to determine that the preponderance of evidence supports the verdict in order to sustain it, but that there is not such an absence of evidence in support of the finding of the jury as to show that it was the result of prejudice and passion, rather than the exercise of sound judgment and lawful discretion on the part of the jury. This doctrine is too familiar to require the citation of authorities to support it. They are found in every volume of our reports. In our opinion the verdict must be sustained under this rule.

The judgment of the district court must be

Affirmed.