J. M. Stevens, Appellee, v. Citizens Gas and Electric Company, Appellant.

**Evidence:** ADMISSIONS OF ADVERSE PARTY. Where it was material to show not only that plaintiff had authority to enter upon a street for the purpose of making a public improvement, but also that he was proceeding within the limits of that right, the written permission of the city to carry on the work was admissible although the adverse party admitted his authority to do the work.

**Exclusion of evidence:** REVIEW OF RULING. Where the ruling on an objection to evidence is based on the supposition that the admission of the adverse party is as broad as the evidence offered, and the offered evidence is not incorporated in the bill of exceptions, the appellate court will adopt the view of the trial court and will not determine the prejudicial character of the ruling.

**Municipal corporations:** STREET OBSTRUCTIONS: NEGLIGENCE. A city or one acting with its authority in making a street improvement is not necessarily negligent in digging and piling dirt at any place in the street, or permitting it when so piled to remain over night, in the absence of a statute or ordinance to the contrary.

**Same.** It is negligence for a public service corporation to permit dangerous obstructions to remain in a street over night unguarded.

**Same:** INSTRUCTIONS. Where only one of several fact conditions will warrant a finding of negligence, it is error to charge that a failure to exercise due care in respect to any one or more of the same will support such finding; and the error is not cured by the fact that the evidence in support of one of the negligent charges is conclusive.

*Appeal from Pottawattamie District Court.*— HON. O. D. WHEELER, Judge.

SATURDAY, DECEMBER 15, 1906.

ACTION at law to recover damages for a personal injury. Trial was had to a jury, and there was a verdict and judgment in favor of plaintiff. The defendant appeals.— *Reversed.*

*Harl & Tinley* and *Greene, Breckenridge & Kinsler,* for appellant.

*John P. Organ,* for appellee.

BISHOP, J.— Defendant is a corporation engaged in operating a gas plant in the city of Council Bluffs. Among other things, it has the charter right to the use of certain streets of said city, including South First street, for the purpose of laying its mains to supply gas to its customers. On September 16, 1904, defendant was engaged in digging a trench for and laying a supply main in South First street, a paved street of said city extending north and south. The work began at the north line of Pierce street, an intersecting street extending east and west. At the close of said day, the work had so far progressed that the trench had been opened to a point about one hundred and ten feet south of the intersection of First and Pierce streets, some of the pipe had been put in, and the trench partially refilled. First street, in its paved part, is about thirty feet in width. A motor line track extends along the street, and was so laid that the east rail was fourteen or fifteen feet from the east curb of the street. The trench was dug close to the west rail of the track, and, in the main, the earth removed was thrown to the west. A short distance south of Pierce street were two catch basins, and, adjacent to these, the earth was thrown over on the east side of the track. The occupation of plaintiff was that of

driver for the chief of the city fire department.    An alarm of fire was sounded at about two o'clock on the morning of the 17th, and plaintiff with the chief responded, driving rapidly in a buggy south on the east side of First street.    One or more of the buggy wheels struck the pile of earth situated on the east side of the motor track, and plaintiff was thrown out, and sustained the injury and damage for which he seeks to recover.    The failure of duty on the part of defendant is thus charged: that the pile of dirt which overturned the buggy had been negligently placed upon said street, and negligently allowed to remain there, and in such place and condition so that the same was dangerous, etc.; also in failing to indicate the presence of the pile of earth, and warn travelers on the street against the same, by lights or barriers, or in some other manner.    The answer pleads among other things the consent and permission of the city to make the excavation in question.

I.    The defendant offered in evidence a paper purporting, as stated by counsel, to be a permit from the city to the defendant, and to give authority to excavate the trench, and lay the pipe in question.    Counsel for plaintiff thereupon made admission of the genuineness of the document offered, and that defendant had permission of the city to " lay the gas mains along First street at the place where the ditch was excavated."    Having this admission, counsel for plaintiff objected to the evidence offered as incompetent and immaterial, " and no basis or foundation existing for the offer."    Thereupon the court inquired of counsel for plaintiff:    " Is the offer withdrawn ? "    The question being answered in the negative, the objections to the offer were sustained.    We think the objection should have been overruled.    It was material to the defense to show not only that the work of excavation was rightly entered upon, but that it was being prosecuted within the limits of the right.    To such end a permit from the city was competent evidence, and defendant should

1. Evidence: admissions of adverse party.

have been allowed to lay the same before the jury. It was not for the plaintiff to control the introduction by defendant of its evidence by making an admission, nor could the scope and effectiveness of the evidence offered be limited or controlled in such manner. But, in view of the record before us, we cannot say that the error was prejudicial.

The trial court evidently thought that the admission was as broad as the evidence offered, and as the appellant did not see fit to incorporate the document offered in its bill of exceptions, we have no means of determining

2. EXCLUSION OF EVIDENCE: review of ruling.

whether or not the conclusion was warranted. Accordingly we will assume that it was, and this the more readily as the case was tried throughout on the theory that the entry of defendant on the street to do the work in question was by right.

II.   In stating the issues to the jury the court followed the language of the petition, and as we have recited the same in our statement above. In paragraph 7 of the instructions

3. MUNICIPAL CORPORATIONS: street obstructions: negligence.

the jury was told that plaintiff claimed negligence on the part of the defendant in three several respects:   (1) In placing the pile of earth on the east side of the motor track in the position in which the same was placed; (2) in permitting the said pile of earth to remain upon the street in such position on the night in question; (3) in failing to place a light or other warning signal having reference to said pile of earth to warn travelers of its presence.. And in paragraph 9½ it was said in substance that if defendant failed to exercise due care in respect of any one or more of the particulars thus stated, then a finding of negligence would be warranted.   The correctness of the latter paragraph of the instructions is challenged by appellant, and, as we think, with good cause.   We shall briefly state our reasons for this conclusion.

In the fourth paragraph of the instructions the court interpreted the charge of wrongdoing first in order of state-

ments to have relation to the place where the earth was piled; that is to say, if a failure of due care there was, it consisted in placing an obstruction on the street between the motor track and the east curb. If such were the only complaint made in the petition, and present purposes require us to so consider it, we do not see upon what ground a conclusion for negligence could be made to rest. The evidence goes no farther than to show authority to go upon the street and excavate, and that, in the course of the work, a part of the earth was thrown to the one side of the trench, and a part to the other. In explanation of the manner of doing the work we have the testimony of defendant's foreman to the effect that, when the catch basins were reached, the earth was thrown to the east across the motor track in order to guard against the same getting into, and closing up, the basins. It seems clear that standing alone, here was not enough to establish negligence. Cities, and public service corporations, having the right of entry, are privileged to tear up or obstruct a street, even to the full width thereof if necessary, in the course of making public improvements or repairing the same. And it ought not to require discussion or argument to make it clear that the bare exercise of such right may not be distorted into an act of negligence. Indeed, it is in the very nature of things, and, hence, fundamental, that negligence cannot begin until the limits of right have been overstepped. As there was no law, by statute or ordinance, governing the subject, we must assume that defendant had the right to throw the dirt either way, and, in view of the explanation made by the foreman, most certainly the course here pursued was a reasonable one.

So, too, that defendant permitted the pile of earth to remain on the street during the night is not sufficient of itself to make out a case of actionable negligence. And counsel for appellee does not seriously contend to the contrary. Within common knowledge, it is generally impracticable, if not impossible, to complete a work of public im-

provement in the course of one day. And it would be absurd to lay down a rule that due care demands that each night the street must be cleared of all obstructions, and made passable for travel. Discussion is unnecessary. To merely state the proposition is to make it clear that such a course is not indispensable to due care.

Coming to the third ground of negligence charged, all the authorities agree that it is the duty of the city, or public service corporation, to warn against or guard an obstruction left in the street over night, and a failure to perform such duty might, of course, be charged as negligence.

4. Same.

As a net result we have then but one of the three fact conditions upon which under the pleadings and evidence a finding of negligence could have been warranted. That it was error to submit the remaining two conditions as involving — one or the other — possible negligence is true by all the authorities.

5. Same: instructions.

But counsel for appellee seems to think that in as much as negligence in the third respect stated was clearly proven, and as plaintiff was therefore entitled to a finding which would support a verdict in any event, the error was without prejudice. The reason why this position should not be accepted may easily be pointed out. In the first place, the evidence of the failure to warn and guard was not conclusive. If it had been, however, the jury may never have reached that subject for consideration. By the instruction they were authorized to find that the piling of the earth in the street, or the continuance of the same in the street over night, was inconsistent with due care, and hence negligence. And so finding there could be no necessity for going farther: a case for a verdict was then made out.

We conclude that for the errors thus made to appear, the judgment must be reversed, and a new trial awarded. — *Reversed.*