WILLIAM BRUGGEMAN, Appellee v. ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

**Railroads:** CROSSING ACCIDENT: NEGLIGENCE: INSTRUCTIONS. The placing of freight cars upon a side track so as to obstruct the view of a crossing is not of itself an independent ground of negligence; and in this action for a crossing accident a statement of the issues by the court as alleged in the petition embracing such alleged negligent act was not a submission of the same as an independent ground of negligence.

**Same.** The instruction in this case that if the employees in charge of the train were negligent in any of the respects charged plaintiff should recover, was not objectionable as submitting the placing of freight cars upon a side track so as to obstruct the view of the crossing as an independent ground of negligence, where it appeared that such employees had nothing to do with so placing the cars; as a fair construction of the charge is that it related to the speed of the train and failure to give signals as charged in the preceding instruction.

**Same:** WARNING SIGNALS. The instruction in this case that the engineer's failure to give a signal for the crossing would be negligence, and if the crossing was unusually dangerous because of obstructions, reasonable and adequate warning, in view of the dangers to be reasonably apprehended, should be given, was not erroneous as matter of law because requiring warnings additional

to the statutory signals; since the court further instructed that if a warning was given on approaching the crossing the trainmen were not negligent, and in determining whether they gave adequate warning the jury should consider the speed of the train, obstructions of view and all other attendant circumstances disclosed by the evidence.

**Same:** RATE OF SPEED.  A high rate of speed is not in itself negligence as to a person upon or about to go upon a railroad crossing; but, under certain circumstances the same may have an important bearing in determining whether due care by the trainmen was exercised in approaching the crossing, and whether due care was exercised under all the circumstances was a question for the jury.

**Evidence:** EXAMINATION OF WITNESSES: DISCRETION.  The examination of a witness is largely within the discretion of the trial court; and in this case where the witness had testified to a brief interval of time he was asked to observe the dial of a watch which was handed him for the purpose of confirming his estimate and then state whether his estimate was correct, and it is held that while the method of examination is not to be commended still no abuse of discretion appears.

**Same:** REPETITION OF EVIDENCE.  Where an interrogatory calls merely for a repetition of testimony already given it may properly be denied.

*Appeal from Mitchell District Court,* HON. C. H. KELLY, Judge.

WEDNESDAY, MARCH 6, 1912.

ACTION for personal injuries resulting from a collision with one of defendant's trains on a public highway crossing. There was a verdict and judgment for the plaintiff. Defendant appeals.  *Affirmed.*

*Ellis & Ellis* and *Kelleher & O'Connor (Blewett Lee* and *W. S. Horton,* of counsel) for appellant.

*Charles E. Salisbury, William H. Salisbury,* and *Miles K. Culver,* for appellee.

EVANS, J.—The case was before us upon former appeal. See 147 Iowa, 187. Reference may be had to such former opinion for the fact details. As far as is practicable, we will avoid repetition of these herein. The accident under inquiry occured in the unincorporated villiage of Toeterville on the 1st day of December about three o'clock in the afternoon. Defendant's line of railway runs due east and west and intersects a north and south highway at right angles at a point fifty-seven feet east of its village depot. This highway constitued the only thoroughfare of the village. A few hundred feet west of the highway and along the line of the railway track were stockyards and an elevator. These and the depot were located on the north side of the main track. The plaintiff was driving from the stockyards and proceeding in a southeasterly direction on an "angling" road toward the crossing. His view was more or less obstructed by buildings already referred to and by certain box cars standing upon a switch track on the north side of the main track. As his team was about to step upon the track, he observed a passenger train from the west so close upon him that it resulted in the collision complained of. The plaintiff charged in his petition that the train was being operated at an excessive rate of speed, and that the trainmen failed to give reasonable and adequate warning of the approach of the train; also that they failed to give the statutory signals. Plaintiff alleged also that the defendant negligently permitted freight cars to be so placed upon the track as to obstruct his view. The answer was a general denial and a plea of contributory negligence.

I. Appellant's first complaint is directed to certain alleged instructions of the trial court to the effect that the placing of cars upon a side track in such a manner as to obstruct plaintiff's view might be deemed an independent ground of negligence which would entitle plaintiff to recover.

1. RAILROADS: crossing accident: negligence: instructions.

Instruction No. 1 given by the trial court contained the

following: "Plaintiff says that his injury was wholly due to the negligence of defendant's employees, and that said employees were negligent in the following respects: (1) That said train was propelled at a high and excessive speed. (2) That said employees failed to sound the whistle and ring the bell as the train went through the town, and failed to give plaintiff reasonable and adequate warning of the approaching train. (3) That said employees failed to sound the whistle and ring the bell as required by law before approaching the crossing where plaintiff says he was injured. (4) That defendant had left cars upon the side track in such manner as to obstruct plaintiff's view of the train when approaching said highway crossing." Instruction No. 11 was as follows: "If you find, from the weight or preponderance of the evidence introduced upon the trial, under these instructions, that the employees of the defendant *in charge of the train* in question were negligent in *any* or *all of the respects mentioned in the first count* of the first instruction hereof, and that such negligence was the direct and proximate cause of plaintiff's injury for which he complains, and that plaintiff was free from contributory negligence as herein explained, then your verdict should be for the plaintiff upon the first count of his petition in some amount." Plaintiff's complaint in this respect is based upon the instrutions here quoted.

That the placing of freight cars upon a side track so as to obstruct the view of a crossing would not be deemed as an independent ground of negligence is too plain to require argument. The authorities are practically uniform on this question. It was so held in effect upon the former appeal in this case. *Artz v. C., R. I. & P. R. Co.,* 44 Iowa, 284; *Funtson v. C., R. I. & P. R. Co.,* 61 Iowa, 452; *Reed v. C., St. P., M. & O. R. Co.,* 74 Iowa, 188; *Cordell v. N. Y. Central,* 70 N. Y. 119 (26 Am. Rep. 550); *Chicago, B. & Q. v. Roberts,* 3 Neb. (Unof.) 425 (91 N. W. 707).

The real question before us at this point is whether it

can be said, upon a fair construction of these instructions, that the court did permit the jury to find liability upon this fact as an *independent* ground of negligence. The danger line was approached in instruction No. 1. This, however, only purported to be a statement of the issues as made by the pleadings. The petition did charge this fact as a negligence of the defendant. No attack was made on the petition in this respect. We think, therefore, that this mere statement of the allegations of the plaintiff was not of itself a submission of such allegations as independent grounds of negligence. *Christy v. City R. Co.,* 126 Iowa, 428.

Appellant contends that these separate specifications were submitted as independent grounds of negligence by instruction No. 11, which we have quoted above. It will,

2. Same.

be noted, however, that the consideration of the jury is limited at this point to such specifications of negligence as were chargeable to the "employees of the defendant in charge of the train in question." Under the record in this case the "employees in charge of the train in question" had nothing whatever to do with setting the freight cars upon the switch track. The only fair construction, therefore, which can be put upon this instruction, is that it relates only to those specifications of negligence relating to the speed of the train and of the failure to give signals. And these are the only specifications of negligence which were actually submitted to the jury, notwithstanding the unfortunate recital in instruction No. 1. This limitation contained in instruction No. 11 distinguishes the case from that of *Stevens v. Gas & Electric Co.,* 132 Iowa, 597, upon which much reliance is placed by appellant.

II. In instruction No. 9 the court dealt with the subject of signals, including the provisions of the statute in

3. Same: warning signals.

relation thereto. The appellant complains of the following sentence in such instructions: "A failure to give the signal constitutes negligence, and if the crossing approached is more

than usually dangerous because of obstructions, then reasonable and adequate warning, in view of the dangers to be reasonably apprehended at the crossing, should be given of the approach of the train." The complaint is that the trial court instructed the jury as a matter of law that it was necessary for the defendant to give, not only the statutory signals, but that it must also give other warning *additional* to the statutory signals. The argument, is that in any given case the statutory signals may constitute reasonable and adequate warning, and that only the jury can say whether, in such a case, warning additional to the statutory signals should have been given in order to be reasonable and adequate.

In this argument appellant has quite overlooked other, portions of the same instruction, which we quote as follows: "If you find from the evidence introduced upon the trial that defendant's employees did not give warning as herein referred to of the approach of the train to the crossing in question, then they were negligent in that respect. If they did give such warning, then in that respect they were not negligent. In determining whether or not defendant's employees gave reasonable and adequate warning, it is proper for you to consider the speed at which said train was being operated, the obstructions, if any, to the view of the approaching traveler, and all of the attendant circumstances shown by the evidence." The instruction as given is in harmony with our former opinion. We have no occasion, therefore, for a further discussion. See, also, *Kinyon v. C. N. W. Ry. Co.,* 118 Iowa, 349, and cases cited therein.

III.    Appellant complains because the question of speed was submitted as an independent ground of negligence. It is argued that no rate of speed is of itself negligence, and this argument may be conceded. But the instruction did not permit the jury to treat any rate of speed as of itself negligence. The jury was

4. SAME: rate of speed.

permitted to say whether, in view of all the circumstances, the speed of the train was *excessive.*

It appeared from the evidence that the train was traveling at a speed of from twenty-five to thirty-five miles an hour. The court did not permit the jury to find that any rate of speed was of itself negligent. The question was covered by instruction No. 10, which was as follows: "No rate of speed in a train is in itself negligence as to a person upon, or about to go upon, a crossing; but it sometimes happens, when considered with reference to the circumstances of a particular place, that the rate of speed may be an important factor in determining whether or not due care has been exercised. Whether or not, in view of the location of this particular crossing near defendant's depot, the obstructions, if any, to the view of the approaching train, and other attendant circumstances, the rate of speed in this instance has any tendency to indicate a want of reasonable care on the part of the defendant, or its employees, is for you to say from the evidence introduced upon the trial." This instruction is in harmony with our former opinion. Nor does appellant now cite any authorities from any jurisdiction which run counter to it.

IV. Complaint is made of some rulings on the admission of testimony. One Torgeson was a witness for the plaintiff. He saw the collision. He had also heard the danger signal a few seconds before. He estimated the time between the signal and the actual collision as "probably four or five seconds." For the manifest purpose of confirming this estimate of brief time, the attorney for the plaintiff put into the hands of the witness his own watch and directed him to "observe a period of five seconds on the dial of the watch," and then to state whether that was a correct estimate. This was done under objection of appellant that plaintiff was cross-examining his own witness. We see little to commend in the method of examination adopted by the plaintiff. It was

5. EVIDENCE: examination of witnesses: discretion.

apparently quite theatrical. The trial court, however, was in a better position to judge of that than we can be upon a printed record. The whole matter was well within the discretion of the trial court.

One Landgrabe was a witness for the defendant. He also saw the collision. It is urged by the appellant that it was prevented by an adverse ruling from showing by this witness that the plaintiff did not look toward the west before entering upon the crossing. But it appears in the record that the evidence thus ruled out by the court at this point of complaint was merely an attempted repetition of testimony which had already been given by the witness.

6. SAME:
repetition of
evidence.

Some other adverse rulings on minor matters of evidence are complained of. We find them to be without substantial merit.

The judgment entered below must be *affirmed.*