# ·SUPREME COURT

#### OF THE

#### STATE OF IOWA

##### AT

#### . DES MOINES.

---

OSCAR ANDERSON, Appellant, v. UNITED STATES RAILWAY AD-
MINISTRATION et al., Appellees.

**RAILROADS:** Accidents at Crossings—Whistle at City Crossings. Fail-
ure to blow the whistle on a locomotive engine when approaching
a known and unusually dangerous crossing within a city or town
*may* constitute actionable negligence, even though the .statute pro-
vides that such signal "may be omitted" at such crossings. Re-
versible error necessarily results from instructing that, under such
conditions, the failure to blow the whistle can only be considered
by the jury as a mere circumstance or "item" of evidence.

*Appeal from Benton District Court.*—JAMES W. WILLETT,
Judge.

JANUARY 8, 1924.

ACTION to recover damages to plaintiff's automobile resulting from a collision between the automobile, operated by plaintiff's wife, and one of the trains of the Chicago, Rock Island & Pacific Railway Company while under control of the director general of railways. The jury returned a verdict for the defendant. From a judgment thereon the plaintiff appeals.— *Reversed and remanded.*

*Kirkland & White,* for appellant.

*J. G. Gamble, R. L. Read, A. B. Howland,* and *G. W. Burnham,* for appellees.

VERMILION, J.—This is the second appeal in this case. The opinion upon the first appeal will be found in 193 Iowa 1041.

The collision occurred at a point where the railway track crosses a highway leading into the town of Garrison. The negligence alleged, so far as the question presented on this appeal is concerned, was that the employees operating the train, in approaching the crossing, failed to blow the whistle or ring the bell or give any signal of its approach.

Complaint is made of certain of the instructions of the court. After stating the issues as made by the pleadings, the court in the fourth instruction said:

"The material allegations of plaintiff's petition which must be so established are: (1) That the defendant was negligent in some one or more of the particular acts of negligence alleged which are herein submitted to you. (2) That the damage to plaintiff's automobile was the proximate result of such acts of negligence. (3) That the driver of the car, Myrtle Anderson, was not guilty of contributory negligence on her part. (4) The damage, if any, to which the plaintiff is entitled."

The sixth instruction is as follows:

"The particular acts of negligence alleged in plaintiff's petition herein submitted to you are: (1) That the defendant, by his employees, in approaching said railroad crossing, failed to ring the bell or give any signal of the approach of the train to said crossing, at and before the accident, resulting in the injury to property complained of by plaintiff in said petition."

In the seventh instruction, the court, after quoting the sub-

stance of the statute requiring the blowing of the whistle 60
rods before a road crossing is reached, proceeds:

"But within the limits of towns, the sounding of the whistle
may be omitted.  (It will be observed that it was optional in
this case for defendant to sound the whistle or not.)   Failure
to sound the whistle is not an act of negligence."

The tenth instruction is as follows:

"You are instructed that the accident involved in this case
occurred within the limits of the town of Garrison.   The law
requires that within the limits of towns the bell shall be rung
when a train approaches a crossing, and that the blowing of
the whistle may be dispensed with.  It is, therefore, not an inde-
pendent act of negligence for the defendant to omit the blow-
ing of the whistle.   However, within a town where the crossing
is a dangerous one, where the blowing of the whistle or some
other warning should be given, to prevent accident, and the
failure to do so contributes to the proximate cause of the acci-
dent, such failure may be considered by the jury, as an item
in connection with all the evidence and surrounding circum-
stances, in arriving at their verdict."

The plain effect of these instructions was, we think, to
take from the jury all claim of a right to recover upon the alle-
gation that the whistle was not sounded and that a failure to
sound it amounted to negligence.

Negligence is always predicated upon duty.  It can only
arise upon a failure to perform some duty that one person
owes for the safety or in the interest of another.   Judge Cooley
defines negligence as:

"The failure to observe, for the protection of the interests
of another person, that degree of care, precaution, and vigilance
which the circumstances justly demand, whereby such other
person suffers injury."  Cooley on Torts 1324.

"The first requisite in establishing negligence is to show
the existence of the duty which it is supposed has not been
performed."  Cooley on Torts 1410.

The same thought has been thus expressed:

"Of course there can be no negligence where there is no
duty that is due; for negligence is the breach of some duty that
one person owes to another.  It is consequently relative, and can

have no existence apart from some duty expressly or impliedly imposed. In every instance, before negligence can be predicated of a given act, back of the act must be sought and found a duty to the individual complaining, the observance of which duty would have averted or avoided the injury.'' *West Virginia C. & P. R. Co. v. Maryland,* 96 Md. 652 (61 L. R. A. 574.)

The duty may exist by reason of statute, or it may arise from the relations of, or the circumstances surrounding, the parties. These principles are, of course, elementary. The duty that arises from the circumstances surrounding the parties is no less a duty than one imposed by statute; and the failure to perform the one is as much an act of negligence as is the other. There may be less certainty about the existence of the duty in the one case than in the other, but, the duty once established, the effect of a failure to perform it is the same.

There is no statutory requirement that those operating a railway train shall, within the limits of a city or town, sound the whistle, on approaching a street crossing; and, so far as the statute is concerned, a failure to do so would not be negligence. But the duty to give warning by the whistle of the approach of a train to a street crossing within the limits of a town may arise, aside from the statute, from the circumstances surrounding the crossing. This rule has been so often affirmed by this court that any elaborate citation of cases is unnecessary. In a recent case, it was said:

''It is not sufficient under all circumstances that a railroad shall observe only the mandate of a statute. Statutory provisions are viewed as the minimum of care, and they do not always measure full care. The degree of care required of a railroad train in approaching a crossing is such as should be used under all the circumstances, and this is usually a question for the jury. The fact that the railroad company gave such signals as are required by statute does not necessarily absolve it from giving such other and additional signals or warnings as ordinary care and prudence would dictate under the circumstances of the particular case. This matter is dependent upon the character of the crossing, the number, kind, and efficacy of the signals required, the speed of the train, and the surrounding cir-

cumstances." *Glanville v. Chicago, R. I. & P. R. Co.*, 196 Iowa 456, and cases there cited.

In the present case, it was alleged that the view of the driver of the automobile was obstructed by box cars negligently placed by the defendant. It was determined on the former appeal that this was not an independent ground of negligence,— that is to say, it was not such an act of negligence as, standing alone, would create a liability for damages caused by the collision between a train and a traveler upon the street. There is no complaint but that this doctrine was followed upon the retrial. In the former opinion it was said, however:

"It was competent for plaintiff to show all the conditions surrounding the crossing, as bearing upon the degree of care required to be exercised by the defendant, and also by the plaintiff."

The plaintiff was entitled to show any condition existing at the crossing, whether created by the act of the defendant or so obvious and existing for such a length of time as that defendant must have known of it, that increased the danger of its use and affected the care required of the employees of the defendant in approaching the crossing with its train. And if, by reason of obstructions to the view of one passing over the crossing, it was more than ordinarily dangerous, and the exercise of ordinary care on defendant's part required that the whistle on an approaching engine should be sounded, then a duty to do so arose, notwithstanding that no such duty was imposed by statute. And if the duty to sound the whistle existed by reason of such facts, a failure to sound it would be negligence.

The crossing in question was, as we understand the record, upon a street leading into a small town; and no circumstances are shown from which the court can say that such a duty did not arise, independent of the statute. There was evidence from which the jury might have found, under proper instructions, that, by reason of the obstruction to the view and the situation of the crossing, the exercise of ordinary care on the part of the defendant required that the whistle should be sounded, although the statute did not require it; and that it was not done. A fail-

ure to. sound the whistle under such circumstances would be negligence, upon which a recovery could be based.

The jury was told, it is true, that, if they found that the crossing was a dangerous one, where the blowing of the whistle or. some other warning should be given, to prevent accident, and that the failure to do so contributed to the proximate cause of the accident, such failure might be considered as an item, in connection with all the evidence and surrounding circumstances, in arriving at a verdict. Practically identical language was used by the court in reference to the alleged obstruction of the view by cars upon the crossing. The effect of this was. not to cure the manifest error of saying that a failure to sound the whistle was not an act of negligence, but rather to emphasize the thought that it was to be considered only on the same basis as the placing of the cars.

If the jury found that, by reason of obstructions to the view, the crossing was, within the knowledge of the defendant, a dangerous one, and that the exercise of ordinary care in the operation of its trains required that the whistle be sounded, a failure to sound it would constitute such negligence as, if found to be the proximate cause of the collision, would entitle the plaintiff to recover, if freedom from contributory negligence were shown. Instead of being so told, the jury was instructed that a failure to sound the whistle was not an act of negligence,—not an independent act of negligence; and, in effect, that, if the circumstances were such that it should have been sounded, a failure to do so was, at most, a mere circumstance to be considered in arriving at a verdict upon the only ground of negligence in fact submitted to the jury upon which, under the instructions, a verdict for plaintiff could have been based. Plaintiff was entitled to go to the jury upon every causative fact alleged in his petition and denied by the answer which there was evidence tending to establish. *Kinyon v. Chicago & N. W. R. Co.*, 118 Iowa 349; *Reed v. Chicago, St. P., M. & O. R. Co.*, 74 Iowa 188. It was the duty of the court to so charge the jurors concerning the law of the case that they would have clear and intelligent comprehension of what they were to decide; and this is true even in the absence of request by counsel for instructions. *Freeby v. Town of Sibley*, 183 Iowa 827.

Because of the error pointed out, the judgment must be reversed. The cause is—*Reversed and remanded.*

ARTHUR, C. J., EVANS, PRESTON, STEVENS, and FAVILLE, JJ., concur.