K. E. BANNISTER, Trustee, Appellant, v. ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.

**RAILROADS: Accidents at Crossings—Negligence Per Se.** An experienced driver of a vehicle is guilty of negligence *per se* when, on a clear day, without diverting circumstances, and without reliance on gates or crossing signals, and with full knowledge that a train is then due, and at such speed that he could stop within 6 or 8 feet, he approaches and goes upon a railway crossing (with which he is intimately acquainted), after looking for a train at a point *where he knew he could not see it,* but wholly failing to look during a space of 50 feet of the crossing, where his view was unobstructed for two miles.

Headnote 1: 33 Cyc. p. 1021.

*Appeal from Linn District Court.*—F. O. ELLISON, Judge.

MARCH 10, 1925.

ACTION to recover damages for personal injuries resulting from a collision between a Ford coupé driven by plaintiff's assignor, and a railroad train operated by the defendant company.

Upon the conclusion of the plaintiff's testimony, defendant's motion for a directed verdict was sustained, and judgment entered against plaintiff for costs.  Plaintiff appeals.—*Affirmed.*

*Patterson & North,* for appellant.

*Helsell & Helsell* and *J. M. Grimm,* for appellee..

DE GRAFF, J.—The accident giving rise to the instant action happened December 21, 1921, on a street crossing in the town of Jesup, Iowa.  The facts are not in dispute.  The ruling of the court at the conclusion of plaintiff's evidence relieved the defendant from offering any testimony.  The appeal presents but one question: Was the plaintiff guilty of contributory negligence, as a matter of law?

The collision occurred on what is called the Eighth Street Crossing, located on the south side of the town.  Eighth Street runs north and south, and the defendant's railroad line east and west.  The crossing was 75 feet wide from sidewalk to sidewalk, and it is shown that the surface of the roadway on Eighth Street at the time of the accident was in good condition.  Three tracks of the defendant railroad cross Eighth Street: the most southerly called the "house track;" the next, to the north, "the main line track;" and north of the main line, the "switch track."  The distance between the north rail of the house track and the south rail of the main-line track is approximately 40 feet.  Plaintiff approached the crossing from the south.  The train was west bound.  His view to the east was obstructed until he passed a freight car, which it is claimed was on the house track.  It is undisputed that the plaintiff had 40 feet of open space between the tracks, with an unobstructed view from 2 to 3 miles.  It was a straight track.  The accident happened at 4:25 P. M., on a clear day, and the driver of the car knew that the train in question was scheduled to arrive between 4:20 and 4:25.  He did not know whether it had passed at that time.  Immediately prior to the accident, he stopped at a filling station for gas.  He testified: "I knew when I came from the gas station there would be this train."  He was intimately acquainted with the crossing, and had frequently driven over it.  He was familiar with the buildings on the east side of the street

near the crossing. He knew there were no gates or flagman at the crossing, and testified that he was not "relying on gates, flagman, or gong to warn me of the approach of the train." He looked before reaching the house track; but the evidence clearly shows that, under the physical facts and surroundings, he could not have seen the approaching train until he reached the house track. He knew this.

It is shown that, when he first looked to the east, his view was obstructed, and he knew it; and that he did not again look to the east until he reached a point where a collision could not be avoided. In other words, the driver did not look, at a point where he could see, and he traveled a distance of 40 feet between the house track and the main track without looking to the east. During this time and distance, it was his only opportunity to see the approaching train. He knew this, and at that very time he also knew that there was a passenger train due from the east, shortly after 4 o'clock. No diverting circumstance is shown. No other train was then and there operating, and no other person or vehicle was near or on the crossing. He was driving slowly. He had his car under control, and could have stopped in 6 or 8 feet. His brakes had been tested on the day of the accident, and they were in good working order. He was an experienced driver. The presence of the freight car, as claimed by the plaintiff, was not an independent ground of negligence. *Anderson v. United States R. Adm.*, 193 Iowa 1041. That is to say, it was not such an act of negligence as, standing alone, would create a liability for damages; but it was competent for plaintiff to show this fact, as bearing upon the degree of care required to be exercised by the defendant, and also by the plaintiff. *Glanville v. Chicago, R. I. & P. R. Co.*, 196 Iowa 456; *Anderson v. United States R. Adm.*, 197 Iowa 1. Nor does the evidence concerning the pleaded act of negligence of the defendant in failure to give warning by bell or whistle, considered with the evidence of what the plaintiff did immediately prior to the accident, make a jury question as to the contributory negligence of plaintiff. Plaintiff's witnesses admitted that they were paying no attention to signals, except one witness, who testified that the whistle was blown "as loud as they could whistle, I guess." The mere negation on the part of a witness, that

he did not hear the bell rung or the whistle sounded on an engine approaching a public crossing, will not sustain the finding by a jury that such signals were not given, when it is shown that the witness was not paying any attention to the occurrence, and does not know ''whether the train whistled or the bell rang,'' but simply does not remember hearing such warnings. *Hoffard v. Illinois Central R. Co.*, 138 Iowa 543; *Payne v. Chicago & N. W. R. Co.*, 108 Iowa 188; *Hines v. Chicago, M. & St. P. R. Co.*, 196 Iowa 109. Nor does the absence of a flagman, under the circumstances of this case, bear upon the contributory negligence of plaintiff in the sense that he was relieved from the duty to look and listen, in the exercise of ordinary care, as he approached the railroad crossing. It cannot be construed as an invitation to cross without looking for danger, as plaintiff knew that no flagman was ever present at this crossing, and he testified that he was not relying upon a flagman before crossing. *Reynolds v. Inter-Urban R. Co.*, 191 Iowa 589. The controlling question, therefore, is: Does the testimony of plaintiff, taken into consideration with the physical facts shown, establish contributory negligence that precludes a recovery, as a matter of law? We recognize that this species of negligence is ordinarily for the jury to determine; but we also recognize that it is the duty of the court to rule this question when the facts clearly establish the absence of ordinary care on plaintiff's part. It may be said, in the instant case, that there was a time and place available to the plaintiff when he could have seen the approaching train for a long distance. He chose to look from a point where he knew his view was obstructed. In *Kennan v. United States R. Adm.*, 197 Iowa 699, had the plaintiff looked at a point 25 feet east of the rails on which there was an approaching train, he could not have failed to see it, and at this point he had a perfect opportunity to protect himself from all danger. It was held that plaintiff was guilty of contributory negligence, as a matter of law. The rule is well recognized that a person approaching a railroad crossing is not legally obligated to look at any particular point before reaching the crossing; but he must look when looking will do him some good. *Yanaway v. Chicago, R. I. & P. R. Co.*, 195 Iowa 86. He is under a continued obligation to exercise due care, even though he is not required to

look and listen at any particular point. *McFarland v. Illinois Cent.:R. Co.*, 193 Iowa 776. In *Brown v. McAdoo*, 195 Iowa 286, the facts disclose that the train was plainly within plaintiff's vision during at least the last 50 feet which he traveled. The same distance is disclosed in the case of *Ballard v. Chicago, R. I. & P. R. Co.*, 193 Iowa 672. In *Swearingen v. United States R. Adm.*, 191 Iowa 1096, the view of the railroad track to the west, from a point 20 to 25 feet north of the main track, was shown to be unobstructed for a distance of 475 to 700 feet. In *Beemer v. Chicago, R. I. & P. R. Co.*, 181 Iowa 642, the driver's view was unobstructed at a distance of 40 feet from the track. Under these circumstances, plaintiff in the foregoing cases was held to be guilty of contributory negligence, as a matter of law. See, also, *Snakenberg v. Minneapolis & St. L. R. Co.*, 194 Iowa 215; *Reynolds v. Hines*, 192 Iowa 530; *McMillan v. Chicago, M. & St. P. R. Co.*, 179 Wis. 323 (191 N. W. 510); *Anderson v. Dickinson*, 187 Iowa 572. It is true that prior decisions constitute but weak precedents in the determination of an issue when the facts control, but we are satisfied, in the instant case, that, when plaintiff was in a position to look and see the approaching train, he did not look. This negligence was the proximate cause of the injury and consequent damages.

We do not feel that reasonable minds can differ upon the question presented by this appeal. The trial court ruled correctly, and the judgment entered is—*Affirmed*.

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.