Earl Thomas, Appellee, v. Des Moines Railway Company, Appellant.

No. 45805.

March 10, 1942.

Corwin R. Bennett, J. W. Albert, and Dale S. Missildine, for appellant.

Emmert, James & Lindgren and Lorna Williams, for appellee.

Miller, J.—The only errors assigned relate to the instructions given to the jury. In plaintiff's petition he asserted six specifications of negligence. Some of them were not submitted to the jury and others were submitted in modified form. In the statement of the issues, the court stated:

"The plaintiff alleges that at the time and place of the said collision the defendant was guilty of negligence in the following particulars: That the defendant failed to have its car under control and to reduce the speed while approaching the intersec-

tion of Watrous Avenue at the time of the accident. That the defendant did not maintain a proper lookout at said intersection at the time and place of the accident; That defendant obstructed plaintiff's view by parking a northbound street car on its east track in such a way that the rear portion of the car extended part way across the traveled portion of Watrous Avenue, thereby obstructing the view of the driver of plaintiff's car as to the other street car belonging to the defendant proceeding southward on the west track; The defendant failed to ring any bell or give any signal as his car approached the intersection with Watrous Avenue.''

The court's instruction 5 was as follows:

''The plaintiff as grounds for his recovery, makes the following allegations of negligence and relies thereon:

''1. That the defendant failed to have its car under control and to reduce the speed while approaching and traversing the intersection with Watrous Avenue.

''2. That the defendant did not maintain a proper lookout at said intersection at the time and place of the accident.

''3. That the defendant obstructed plaintiff's view by parking a northbound street car on its east track in such a way that the rear portion of the car extended part way across the traveled portion of Watrous Avenue, thereby obstructing the view of the driver of plaintiff's car as to the other street car belonging to the defendant proceeding southward on the west track.

''4. The defendant failed to ring any bell or give any signal as his car approached the intersection of Watrous Avenue.''

The court's instruction 7 was as follows:

''It is the claim of the plaintiff that the defendant railway company parked the rear end of their street car part way across the intersection at Watrous Avenue thereby obstructing the view of the driver of said automobile at said time and place *and was the cause of the collision in this case.*

''You are instructed, that the defendant railway company had a right to park their street car on their railway tracks, but if the plaintiff has shown and proven by a preponderance of the evidence that the said defendant parked said street car with the

rear end thereof part way across the intersection of Watrous Avenue, *and that by so doing it was the direct and proximate cause of the injury to the plaintiff's automobile,* and that the driver of plaintiff's car at said time and place was free from any negligence on his part which in any degree contributed to the said injury and damage, then the defendant would be guilty of negligence and you should find for the plaintiff on this issue.'' (Italics supplied.)

The defendant filed exceptions to the instructions and a motion for new trial. Exception was taken to the statement of the issues, instruction 5 and instruction 7, above quoted, for the reason that, in giving the same to the jury, the court erroneously told the jury that the obstructing of plaintiff's view by placing a railway car on another track might be considered as an independent ground of negligence. The exceptions to the instructions and the motion for new trial were overruled. Defendant appeals from such ruling.

The assignments of error present for our determination the question above stated, whether the court erred in telling the jury that the obstructing of the view by placing a streetcar on another track might be considered as an independent ground of negligence. Defendant relies upon the cases of Bruggeman v. Illinois Cent. R. Co., 154 Iowa 596, 134 N. W. 1079; Anderson v. United States R. Adm., 193 Iowa 1041, 188 N. W. 826; Bannister v. Illinois Cent. R. Co., 199 Iowa 657, 202 N. W. 766. These decisions sustain defendant's contention.

In the Bruggeman case, supra, this court states (154 Iowa at page 599, 134 N. W. at page 1080) as follows:

''That the placing of freight cars upon a sidetrack so as to obstruct the view of a crossing would not be deemed as an independent ground of negligence is too plain to require argument. The authorities are practically uniform on this question. It was so held in effect upon the former appeal in this case. Artz v. C., R. I. & P. R. Co., 44 Iowa, 284; Funtson v. C., R. I. & P. R. Co., 61 Iowa, 452; Reed v. C., St. P., M. & O. R. Co., 74 Iowa, 188; Cordell v. N. Y. Central, 70 N. Y. 119 (26 Am. Rep. 550); Chicago, B. & Q. v. Roberts, 3 Neb. (Unof.) 425 (91 N. W. 707).''

In the Anderson case, supra, this court states (193 Iowa at page 1045, 188 N. W. at page 828) as follows:

"Assignment No. 3 charges that the court erred in submitting to the jury, as a specific ground of negligence, 'that the defendant had so placed box cars that they extended out into the public highway to such an extent that they entirely obstructed the view of the driver of the automobile toward the east, the direction from which the train was coming, until she was almost upon the main track of the defendant's railroad, upon which said passenger train was being operated.' This assignment of error is well taken. The court submitted this alleged ground of negligence as a particular and distinct ground of negligence in Instruction No. 5, and in Instruction No. 11 permitted the jury to find that such ground of negligence was the proximate cause of the injury to plaintiff's automobile. We announced in Bruggeman v. Illinois Cent. R. Co., 154 Iowa 596:

" 'That the placing of freight cars upon a sidetrack so as to obstruct the view of a crossing would not be deemed as an independent ground of negligence is too plain to require argument.'

"See, also, the authorities cited in the Bruggeman case. The authorities are practically uniform on this question. * * *

"Because of the error above pointed out, the judgment of the trial court must be reversed, and the case remanded for another trial."

In the Bannister case, supra, this court states (199 Iowa at page 659, 202 N. W. at page 767) as follows:

"The presence of the freight car, as claimed by the plaintiff, was not an independent ground of negligence. Anderson v. United States R. Adm., 193 Iowa 1041. That is to say, it was not such an act of negligence as, standing alone, would create a liability for damages; but it was competent for plaintiff to show this fact, as bearing upon the degree of care required to be exercised by the defendant, and also by the plaintiff. Glanville v. Chicago, R. I. & P. R. Co., 196 Iowa 456; Anderson v. United States R. Adm., 197 Iowa 1."

The Anderson case, supra, after a retrial, was again appealed to this court and again reversed. Anderson v. United

States R. Adm., 197 Iowa 1, 196 N. W. 584. The holding upon the second appeal tends to clarify the law applicable herein. Pursuant to the opinion of this court on the first appeal, the court instructed the jury that the placing of the cars on the track so as to obstruct the view might be considered as an item in connection with other evidence in arriving at a verdict. But the court also gave the same treatment to the failure to sound a whistle or give other warning of the approaching train. In holding that this was error we state (197 Iowa at page 6, 196 N. W. at page 586) as follows:

"The jury was told, it is true, that, if they found that the crossing was a dangerous one, where the blowing of the whistle or some other warning should be given, to prevent accident, and that the failure to do so contributed to the proximate cause of the accident, such failure might be considered as an item, in connection with all the evidence and surrounding circumstances, in arriving at a verdict. Practically identical language was used by the court in reference to the alleged obstruction of the view by cars upon the crossing. The effect of this was not to cure the manifest error of saying that a failure to sound the whistle was not an act of negligence, but rather to emphasize the thought that it was to be considered only on the same basis as the placing of the cars.

"If the jury found that, by reason of obstructions to the view, the crossing was, within the knowledge of the defendant, a dangerous one, and that the exercise of ordinary care in the operation of its trains required that the whistle be sounded, a failure to sound it would constitute such negligence as, if found to be the proximate cause of the collision, would entitle the plaintiff to recover, if freedom from contributory negligence were shown. Instead of being so told, the jury was instructed that a failure to sound the whistle was not an act of negligence,— not an independent act of negligence; and, in effect, that, if the circumstances were such that it should have been sounded, a failure to do so was, at most, a mere circumstance to be considered in arriving at a verdict upon the only ground of negligence in fact submitted to the jury upon which, under the instructions, a verdict for plaintiff could have been based. Plaintiff was entitled to go to the jury upon every causative fact alleged in his petition and

denied by the answer which there was evidence tending to establish. Kinyon v. Chicago & N. W. R. Co., 118 Iowa 349; Reed v. Chicago, St. P., M. & O. R. Co., 74 Iowa 188.''

From the foregoing it is readily apparent that on the two appeals of the Anderson case we determined that, whereas the placing of cars upon the track so as to obstruct the view could not be submitted as an independent ground of negligence which might be found to be the proximate cause of the injury, the failure to blow the whistle or give other warning of the approach of a moving train might constitute an independent ground of negligence which might be found to be the proximate cause of the injury. Upon the first trial both were submitted as independent grounds of negligence. This was error. Upon the second trial neither was so submitted. This was also error. The reason for the two reversals is that the obstruction of the view could not constitute alone the proximate cause of the injury, whereas the failure to give warning of the approaching train might. Unless we are to overrule the opinion filed upon the first appeal of the Anderson case, this cause must be reversed. We see no occasion for overruling such decision.

Appellee urges us to apply the rule announced in Blessing v. Welding, 226 Iowa 1178, 286 N. W. 436, to the question presented herein. That case is not applicable. There an automobile was parked in front of a stop sign in violation of the provisions of a statute and an ordinance, so that one who was unfamiliar with the situation drove out into a through highway without being aware of that fact. That is not an analogous situation. As pointed out in the court's instruction 7, the defendant had a right to park its streetcar on its tracks. It was done so that the motorman might use a telephone to report car trouble. The driver of plaintiff's car testified, ''I knew the only danger I had to fear was on the west track.'' Defendant did not set a trap such as that involved in the Blessing case.

By reason of the foregoing, the order overruling the motion for new trial herein is reversed.—Reversed.

All JUSTICES concur.