ARSENE LA ROCHE *vs.* DONALD G. SINGSEN.

Worcester.    September 27, 1932. — January 3, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Negligence*, In use of way, Contributory.

On conflicting evidence at the trial of an action for personal injuries sustained by a pedestrian when he was struck by an automobile operated by the defendant, which in its aspect most favorable to the

plaintiff showed that, before crossing a street about twenty-five feet wide, the plaintiff looked and saw the automobile approaching one hundred fifty to two hundred feet away and judged that he had sufficient time to cross; that, without looking again, he walked diagonally to the middle of the street, where he was struck; and that the defendant was careless in his operation of the automobile, it could not properly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence.

The plaintiff in the circumstances above described was entitled to rely to some extent on the assumption that the defendant, as another traveller on the street, would exercise reasonable care to avoid striking him.

TORT. Writ dated November 15, 1928.

The action was tried in the Superior Court before *Pinanski*, J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $5,000. The defendant alleged an exception.

*C. C. Milton*, for the defendant.

*J. F. McGrath*, for the plaintiff.

DONAHUE, J. The plaintiff while crossing a public highway from east to west was struck by the defendant's automobile which was going north. The defendant rightly does not argue that there was no evidence upon which the jury could have found that he was negligent. His present contention is that the trial judge erred in not ruling, as matter of law, that the defendant had sustained the burden of proving that the plaintiff also was negligent. The evidence was conflicting as to almost every element of fact which should be taken into account in passing upon the plaintiff's conduct as to using care. We here must take the version most favorable to the plaintiff.

Before leaving the sidewalk the plaintiff looked to the south and saw the defendant's approaching automobile opposite an intersecting street which on the evidence might have been found to be over two hundred feet distant. The plaintiff on cross-examination estimated the distance as one hundred fifty feet. Then, having looked in the opposite direction, he formed the judgment that he had plenty of time to cross the street and started to do so. The distance from the curb he left to the nearest rail of a double line of

car tracks occupying the extreme westerly portion of the highway was twenty-five and five tenths feet. The plaintiff, walking on a diagonal course somewhat southwesterly, had traversed half that distance when he was hit by the right front portion of the automobile, which after the collision continued on and went diagonally across the street for more than seventy-five feet where it left the highway, broke through a picket fence and dropped into a coal yard. The automobile was moving at the rate of thirty to thirty-five miles an hour when the plaintiff saw it opposite the intersecting street and at the time of the collision and had not changed its course until an instant before the plaintiff was struck. There was no other vehicle in the vicinity.

It is manifest that this is not a case where the argument can successfully be made that the plaintiff was exercising no care. The defendant's contention is that the plaintiff did not use enough care. On the evidence such a ruling could not be made. To start from the curb when the automobile was one hundred fifty or two hundred feet away cannot in the circumstances appearing be pronounced as matter of law negligent. See *Gauthier* v. *Quick,* 250 Mass. 258; *Lekarczyk* v. *Dupre,* 265 Mass. 33, 37. The jury might with warrant have found that the plaintiff's formation of the judgment that he had plenty of time to cross and his consequent decision to do so were not unreasonable under all the circumstances. *Joughin* v. *Federal Motor Transportation Co.* 279 Mass. 408, and cases cited. Nor was negligence of the plaintiff a necessary and unavoidable conclusion from the fact that without again looking toward the automobile, he proceeded to walk from the curb to the center of the roadway, a distance of about twelve feet. As a traveller he had the right to cross the roadway and could rightfully rely to some extent upon the defendant, who was also a traveller with equal rights on the highway, using adequate care. *Hutchinson* v. *H. E. Shaw Co.* 273 Mass. 51, and cases cited. The evidence warranted the finding that the defendant failed to use such care. It could have been found that the plaintiff, after he left the curb and while walking half the width of the roadway, might reasonably anticipate that

the .defendant would make some effort to avoid him and would not proceed at unlessened speed (*Walsh* v. *Gillis,* 276 Mass. 93, 97), and collide with the plaintiff when he was in the center of the roadway instead of passing behind him where there was room to go. *Pitts* v. *Coulson,* 265 Mass. 366. *McGuiggan* v. *Atkinson,* 278 Mass. 264, 266.

*Exceptions overruled.*