GEORGE W. ORTH, Plaintiff, Appellee, v. ROSS GREGG, Defendant, Appellant.

No. 41830.

SEPTEMBER 26, 1933.

REHEARING DENIED JANUARY 12, 1934.

H. W. Brackney and D. W. Burington, for appellant.

Gleysteen, Purdy & Harper, for appellee.

CLAUSSEN, J.—The record indicates that West Seventh street, in Sioux City, runs in rather a northwesterly direction. As a matter of convenience in keeping directions in mind it will be treated in this opinion as an east and west street. The street is an important artery of traffic, and is used by many vehicles. On the evening of February 18, 1930, plaintiff parked his automobile on the north side of this street near an alley between Sioux street and Market street. After parking his car, he alighted, went to the alley, and then started southerly across the street. In his journey across the street, he was struck by a car driven westerly by defendant. The accident occurred at about 6:30 p. m. It was growing dusk at the time. Visibility was still good, however, for the defendant says that he could have seen a person at a distance of two blocks. The street on which the accident occurred is a paved street, 58 feet in width from curb to curb. In the center of the street are double street car tracks. The distance from the north rail of the north track to the north curb is 22 feet. The accident took place within a business district, as the term is used in the statute governing the speed of motor vehicles.

The city then had on its books the following ordinance:

"No pedestrian shall cross a public street of this city except at a crossing and at right angles with said street and at the end of the block."

Upon the trial the defendant moved for a directed verdict and requested certain instructions. The motion for a directed verdict was overruled and the requested instructions were denied. The jury returned a verdict for plaintiff.

Through the motion for a directed verdict, two questions were raised which the record brings before this court. It is contended that plaintiff was guilty of contributory negligence, and that negligence was not shown on the part of the defendant.

The evidence is in conflict. For the purpose of considering the questions raised by the motion, the facts will be stated most favorably to plaintiff. From the evidence, the jury could find that, when plaintiff started to cross the street, defendant was a block away; that there was nothing about the manner in which the defendant was driving the car that would draw attention to its speed; that plaintiff walked on to the street at an ordinary gait; that, when on the traveled part of the street between the curb and the north track, plaintiff again looked to the east and observed defendant's car about a half a block away; that, when plaintiff reached the center of the north car tracks, he paused to permit an east-bound car to pass; that visibility was good; that plaintiff was struck by defendant's car while on the north car tracks; that defendant was driving at from 25 to 30 miles per hour; that defendant did not sound the horn of his car; and that the east-bound car was the only car, other than defendant's, in the immediate vicinity when the accident took place.

The power of the city to pass the ordinance above quoted is not challenged. The case was tried before the opinion was filed in the case of Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552, and was tried by court and counsel, and is argued by appellant in this court, upon the theory that a violation of the ordinance by plaintiff and a violation of the speed laws was prima facie negligence. The question whether such violations were negligence, in and of themselves, has not been preserved by proper exceptions, and is not before the court. Upon neither of these matters do we express an opinion.

Appellant's thought is that, in view of the ordinance, reasonable care forbade plaintiff going upon this busy street in the middle of a block, and that in failing to give heed to defendant's car and in not eluding it on the street plaintiff failed to exercise reasonable care for his own safety. The record portrays the street as being relatively deserted at the time of the accident, so far as vehicular traffic is concerned. It cannot be said as a matter of law that plaintiff was guilty of contributory negligence in walking out into the street. Concerning the other angle of appellant's contention, it will be well to call attention at the outset to the fact that the evidence does not indicate that plaintiff stepped from a place of concealment into the pathway of defendant's car, except the defendant's statement that he did not see plaintiff until the instant of the collision. The

cars on the north side of the street were parked parallel with the curb. It is 22 feet from the north curb to the north rail of the north track. Allowing for the possibility that plaintiff was hidden from view by parked cars as he started to cross the street, it is still obvious that he was in plain sight on the street while he walked the remaining distance to the center of the north track—some 16 feet. As he stood in the center of the track, an unobstructed stretch of pavement was to the north of him of sufficient width to accommodate two lines of traffic. The defendant had ample opportunity to discover plaintiff on the street and plenty of room to avoid running him down.

Plaintiff stated that, before he reached the tracks, he looked to the east and saw defendant's car a half a block away. This was the last time he observed the car until just an instant before the collision and too late to escape from its path. It is obvious that, if he had proceeded on his way across the street, he would have been out of the way of the car by the time it had traveled the intervening space. But he was delayed by the necessity of pausing near the center of the street to let the east-bound car go by. As he paused, he had a right to assume that defendant was looking as he drove along. There were no circumstances which prevented the defendant from seeing plaintiff or diverting the course of the car to avoid injury to plaintiff. There was no special reason for plaintiff to apprehend danger from defendant's car. It is a matter of common knowledge and observation that pedestrians pause near the dividing line of traffic to take note of impending dangers in the zone of traffic they are about to enter. Plaintiff was bound to use reasonable care under all the surrounding circumstances for his own safety. Plaintiff's right to assume that defendant would obey the law is an important consideration in determining what reasonable care required him to do for his own safety. Roe v. Kurtz, 203 Iowa 906, 210 N. W. 550; Hanson v. Manning, 213 Iowa 625, 239 N. W. 793. What constitutes such care is usually a jury question. We cannot say as a matter of law that plaintiff was remiss in this duty in going upon the street or in pausing near its center, or in not giving greater heed to defendant's car which he knew was approaching from the east. If the jury found the facts as we have indicated they could, reasonable men could not seriously question the propriety of a finding for plaintiff. Roberts v. Hennessey, 191 Iowa

86, 181 N. W. 798; Wine v. Jones, 183 Iowa 1166, 162 N. W. 196, 168 N. W. 318.

Concerning the sufficiency of the evidence to warrant the submission of the case to the jury on the question of defendant's negligence there is no doubt. · Under the defendant's own evidence, the jury could hardly do other than find that he failed to keep a proper lookout for others using the highway, for he said that he did not see plaintiff until the instant of the collision. There was also sufficient evidence on the question of speed and failure to give warning of his approach to take the case to the jury upon those questions. Appellant insists that plaintiff knew of the presence of the car and that the failure to sound a warning was of no moment. But this is not true. If defendant desired to use the part of the street on which plaintiff stood, a warning on near approach would have enabled plaintiff to move to a place of safety. It must be remembered that plaintiff had a right to be where he was. He need not assume the cautious attitude of a hunted animal. He had a right under the circumstances to assume that defendant would make use of the abundant space available to pass him without running him down. A timely warning to plaintiff would not have been a vain thing. It would have given notice of a close approach of danger, which, under the circumstances in this case, plaintiff had no special reason to apprehend. Handlon v. Henshaw, 206 Iowa 771, 221 N. W. 489; Wine v. Jones, 183 Iowa 1166, 162 N. W. 196, 168 N. W. 318.

It is generally recognized that reasonable care and prudence require greater vigilance on the part of a pedestrian in crossing a street between crossings than at street intersections or regular crossings. It is proper for the court to call attention to this. Livingstone v. Dole, 184 Iowa 1340, 167 N. W. 639. This does not alter the rule that both the pedestrian and the driver must each exercise ordinary care for his own safety and the safety of the other. With increased hazards, ordinary care exacts greater vigilance. Defendant complains because the court did not instruct that a lesser burden of care rested on him at the place of the accident than if the accident had occurred at a crossing. The court charged the defendant with the exercise of ordinary care, and placed plaintiff under a like burden of care. The defendant requested an instruction in which the defendant was charged with liability only in the event he was guilty of gross negligence. The requested instruction was manifestly erroneous, and was properly refused. The instructions given by the

court were correct as far as they went, for the care required of defendant was reasonable care. In the absence of a request for a proper instruction covering the respective duties exacted by reasonable care of driver and the pedestrian, in the intervals between crossings, the instructions given were sufficient. Riddle v. C., B. & Q. R. Co., 203 Iowa 1232, 210 N. W. 770.

We find no error in the record. In consequence, the judgment of the trial court is affirmed.—Affirmed.

ALBERT, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.