GEORGE T. SMITH, Appellant, v. RUSSELL LAMB, Appellee.

No. 43119.

NOVEMBER 19, 1935.

Kepford & Kepford, for appellant.

McCoy & Beecher, for appellee.

ALBERT, J.—Plaintiff's car and the one belonging to the

defendant collided at a country highway intersection. Plaintiff approached the intersection from the north and defendant from the west. Both cars were damaged in the collision, and each party asks for damages against the other.

The intersecting roads in controversy were country highways, intersecting at right angles, and were not paved or graveled. As both parties approached this intersection, their views were obstructed by a cornfield and weeds at the northwest corner of the intersection.

The case was tried to the court, a jury being waived; hence the decision of the court must have the weight of a verdict of a jury on the fact situation. The court could have found from the evidence that neither driver could have seen the other until he had practically entered the intersection. Each testified that the other was driving from 40 to 45 miles an hour, and that he was driving from 15 to 20 miles an hour. The plaintiff says that just before he reached the north line of the intersection he looked to the right, and saw no car approaching; that he then looked to the left, with the same result; and then looked to the right again, and, for the first time, saw the defendant's car approaching, but it was then too late to avoid the collision. It is to be noted at this point that defendant's car was approaching the plaintiff's car from the right and, therefore, defendant's car had the right of way. The accident occurred about seven o'clock in the morning, on a clear day, and neither party sounded a horn, although the view of each was obstructed.

Without setting out the evidence, which we have carefully read, we are disposed to agree with the holding of the lower court that both parties were guilty of contributory negligence, the plaintiff on the ground that he should have looked from a point where he could see, and he failed to do so; and also that he failed to sound his horn in approaching and passing a corner where his vision was obstructed. We are satisfied that the decision of the municipal court was right.—Affirmed.

All Justices concur.