BURTON v. YELLOW & CHECKER CAB & TRANSFER CO.

1. AUTOMOBILES—NEGLIGENCE — SPEED — EVIDENCE — QUESTION FOR JURY.

In action by pedestrian against defendants, owner and driver of a taxicab, question of defendants' negligence *held*, properly submitted to jury where admitted speed of taxicab was 20 miles per hour and there was testimony placing speed at 40 miles per hour, in violation of statute and ordinance (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933).

2. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE—CONTRIBUTORY NEGLIGENCE.

On appeal from verdict and judgment for plaintiff pedestrian in case arising from injuries inflicted by taxicab, where defendants moved for directed verdict at close of plaintiff's proofs and again at close of all proof and moved for a judgment *non obstante veredicto*, testimony as to contributory negligence must be viewed most favorably to plaintiff.

3. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—TAXICABS—SPEED — ASSUMPTIONS OF PEDESTRIANS.

Pedestrian, crossing a 60-foot street between intersections, who saw taxicab some 250 or 300 feet away before reaching curb and 180 feet away when at street side of car parked at side of street he was leaving, *held*, to have a right to assume that taxicab driver would obey the law and not operate his car at an excessive and unlawful rate of speed (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933).

4. SAME—TAXICABS—PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.

Whether or not pedestrian was negligent in proceeding across a street paved to width of 60 feet between intersections after having observed taxicab 250 or 300 feet distant before reaching curb and 180 feet distant when at street side of parked car on side of street he was leaving if he reasonably believed he could safely cross *held*, clearly a question for jury.

5. Same—Pedestrians—Running—Contributory Negligence.

    Fact that pedestrian, crossing a 60-foot street between intersections, when near the middle thereof, started to run when he discovered taxicab 30 feet away approaching at a rapid speed *held,* not to amount to contributory negligence as a matter of law merely because he would not have been injured had he stood still, the question being one for the jury in such case.

6. Negligence—Sudden Peril.

    One who suddenly finds himself in a perilous situation cannot be charged with negligence merely because it appears that had he acted differently the accident would have been avoided as his actions are not to be judged by what he should have done had he had the opportunity to deliberate.

Appeal from Genesee; Black (Edward D.), J. Submitted January 19, 1938. (Docket No. 137, Calendar No. 39,915.) Decided February 25, 1938.

Case by Charles C. Burton against Yellow & Checker Cab & Transfer Company, a Michigan corporation, and Cyril LaPort for personal injuries sustained when struck by defendants' automobile. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*McGregor & Hospers* (*Richard C. Fruit,* of counsel), for plaintiff.

*Millard & Roberts,* for defendants.

Chandler, J. At twilight on May 17, 1935, plaintiff was injured while attempting to walk from the west to the east side of Saginaw street in the city of Flint, the place of accident being a business district in said city. Saginaw street is a main traveled thoroughfare, being 60 feet in width. It bears double street car tracks, the most westerly rail being approximately 20 feet east of the west curb line.

Plaintiff had stopped at a hardware store located on the west side of the street some 75 feet north of the north line of 12th street. He claims that as he came out of the store he crossed the sidewalk to the curb; that as he approached the curb he looked to the north for vehicles coming from that direction; that as he looked he saw defendants' taxicab proceeding south; that at that time the cab was in the next block north approximately 250 to 300 feet away; that after observing the cab he stepped from the curb at a point near a car which was parked on that side of the street; that he again made observation when he reached the east side of the parked automobile and noted that the cab had then reached a point just south of the south line of Wellington street about 180 feet away; that the cab did not appear to be traveling very fast and that he believed that he had time to cross the street; that he continued on his way and for the third time looked to the north as he reached the most westerly rail of the street car tracks; that as he looked he saw the cab but 30 feet away approaching at a rapid speed; and, that he became confused and started to run but was struck by the cab, resulting in his injuries.

As opposed to plaintiff's testimony the defendant, Cyril LaPort, driver of the cab, testified that he was driving south on Saginaw street at a speed of 20 miles per hour and that plaintiff stepped suddenly in front of his car from between two automobiles parked on the west side of the street; that he was then only six or eight feet from plaintiff; that he turned his cab to the left, applied the brakes, but was unable to avoid the accident.

At the close of plaintiff's proof and again at the close of all the proof, defendants moved for a directed verdict, decision thereon being reserved by

the court under the Empson act (3 Comp. Laws 1929, § 14531 *et seq.*). Upon verdict for plaintiff, defendants' motion for judgment *non obstante veredicto* was denied. Defendants appeal.

It is first claimed that there was no evidence of any negligence on the part of defendants. Although defendant LaPort testified that he was driving the cab at a speed of 20 miles per hour, there was other testimony placing the speed at 40 miles per hour in violation of the statute (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933 [Comp. Laws Supp. 1935, § 4697]), and the ordinances of the city of Flint. We believe the question of defendants' negligence was properly submitted to the jury.

The more important question pertains to the alleged contributory negligence of plaintiff. In considering this question we must adopt that view of the testimony most favorable to plaintiff. Defendants argue that plaintiff's actions between the time he first observed the cab and the moment he was injured constitute contributory negligence as a matter of law.

Plaintiff had a right to cross Saginaw street between intersections. His right to the use of the street as a pedestrian was reciprocal with the rights of defendants in that regard. In attempting to cross it was his duty to exercise reasonable care in view of all the attendant circumstances, including the duty to make reasonable observation for his own safety. That he did make such observation clearly appears as he first saw the taxicab before he had reached the curb when it was then some 250 to 300 feet to the north. He again made observation when the cab was 180 feet away, and believing he could proceed in safety continued on toward the opposite side of the

street. Having seen the cab first at a distance of 250 to 300 feet as he reached the curb and again at a distance of 180 feet from the east side of the parked automobile, he had a right to assume that the driver thereof would obey the law and not operate his car at an excessive and unlawful rate of speed. After making such observations as he did, if he reasonably believed he could cross the street in safety he had a right to proceed on his way and whether or not he was negligent in so doing was clearly a question for the jury. See *Petersen* v. *Lundin*, 236 Mich. 590; *Stobbelaar* v. *Berg*, 247 Mich. 121; *Walker* v. *McGraw*, 279 Mich. 97; *Moore* v. *Noorthoek*, 280 Mich. 431. See, also, *Orth* v. *Gregg*, 217 Iowa, 516 (250 N. W. 113); *LaRoche* v. *Singsen*, 281 Mass. 369 (183 N. E. 767).

Defendants cite *Brown* v. *Lilli*, 281 Mich. 170. Cases of this type are distinguishable from the instant case in that the plaintiff in the former failed to see that which was plainly visible had proper observation been made.

Defendants also urge that plaintiff's action in starting to run when he saw the cab for the last time when it was but 30 feet away amounts to contributory negligence as a matter of law and argue that had he stood still he would not have been injured. We do not so hold. Plaintiff suddenly found himself in a perilous situation and cannot be charged with negligence merely because it appears that had he acted differently the accident would have been avoided. His actions are not to be judged by what he should have done had he had the opportunity to deliberate. *Bacon* v. *McKay*, 227 Mich. 667; *Tregonning* v. *Castantini*, 243 Mich. 233. Here again, the question of his contributory negligence was for the jury.

Complaint is made of certain portions of the court's charge to the jury. We have examined the charge as a whole and find that the claims of defendants in connection therewith do not constitute error.

Judgment affirmed, with costs to plaintiff.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, NORTH, and MCALLISTER, JJ., concurred.