HAIGHT *v.* FOX.

1. APPEAL AND ERROR—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT—EVIDENCE.

On defendant's appeal in which he claims verdict should have been directed in his favor on the ground of plaintiff's contributory negligence, testimony is viewed in light most favorable to plaintiff.

2. AUTOMOBILES—LAME PEDESTRIAN—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In action by pedestrian, one of whose legs was shorter than the other, against motorist for injuries sustained while crossing country highway, evidence when viewed in a light most favorable to plaintiff *held*, to present a question for the jury as to whether or not plaintiff was guilty of contributory negligence where he saw defendant's car approaching some 35 or 40 rods away before crossing and looked again when about at center of road and saw car 10 feet away headed right towards him and testimony is contradictory as to just how accident occurred.

Appeal from Tuscola; Cramton (Louis C.), J. Submitted October 4, 1939. (Docket No. 32, Calendar No. 40,696.) Decided December 20, 1939.

Case by William H. Haight against Morley Fox for damages for personal injuries sustained when hit by an automobile while crossing a country highway. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*George W. Des Jardins* (*Robert Taylor,* of counsel), for plaintiff.

*Otto, Holland & Otto,* for defendant.

Bushnell, J.   The sole question involved in this appeal is whether defendant was entitled to a directed verdict because of plaintiff's contributory negligence; no question being raised as to the correctness of the court's charge or the amount of the damages awarded by the jury.

Before the accident, plaintiff, then 61 years of age, was employed as a general farm hand.   Because of physical limitations, due to a previous injury, he was unable to earn the usual wages of a farm laborer.

On May 4, 1938, he was spading quack grass in the garden of his employer, H. B. Richards.   According to plaintiff, he started across the 32-foot gravel road which divides the Richards' farm, he looked to the north before crossing, and saw a car approaching some 35 or 40 rods distant.   The day was nice and clear, and he had a view to the north for about two miles and to the south about 40 rods.   When he got past the center of the road, he looked to the south, again to the north, and saw the approaching car 10 feet away, heading right toward him.   Being unable to run because of the shortness of one leg, he said he walked as rapidly as he could, and was struck in the right side when a foot or two beyond the center of the road.

Defendant testified that plaintiff crossed the center, walked several paces south on the easterly side of the highway, and then lurched to the west side into defendant's car.

A 24-year-old son of plaintiff's employer pulled defendant's car out of a ditch on the west side of the highway with a tractor after the accident.   He estimated the distance of the skid marks on the gravel to be 81 feet, and said none of them were east of the center of the road.   After the accident, plaintiff was found lying east of the center of the road and his cap was found about 80 feet north of where defendant's

car had stopped. There was a dent on the side of the left front fender of the car, just back of the left front wheel, which defendant said was caused by the collision. There was no damage to any portion of the fender in front of the wheel.

The factual situation in the instant case, when viewed in a light most favorable to plaintiff, is sufficiently comparable to that in *Burton* v. *Yellow & Checker Cab & Transfer Co.*, 283 Mich. 384, to require application of the rule in that case. The question of plaintiff's contributory negligence was one for the jury.

The judgment entered upon the jury's verdict is affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHAN-DLER, NORTH, and MCALLISTER, JJ., concluded.