CITIZENS' MUTUAL AUTOMOBILE INSURANCE
COMPANY v. CITY OF DETROIT.

1. STREET RAILROADS—NEGLIGENCE—LEFT-TURNING AUTOMOBILE.
    Defendant, street railway operator, was guilty of negligence where its motorman drove the streetcar some 70 feet in approximately 4 seconds while plaintiff's car was on the tracks in plain sight and then collided with plaintiff's automobile which had failed to make intended left turn before traffic each way had prevented doing so.

2. SAME—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE.
    Whether or not plaintiff motorist was guilty of contributory negligence in not abandoning her car in which she had intended to make a left turn onto street in front of streetcar while latter approached for some 70 feet *held,* a question of fact for jury and not one of law.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5A Am Jur, Automobiles and Highway Traffic § 380.
[1, 4] 5A Am Jur, Automobiles and Highway Traffic § 379.
[1, 5] 5A Am Jur, Automobiles and Highway Traffic § 381.
[2] 5A Am Jur, Automobiles and Highway Traffic §§ 376, 377, 714, 803.
[3] 5A Am Jur, Automobiles and Highway Traffic §§ 684–686.
[6] 15 Am Jur, Damages § 70 *et seq.*

3. Negligence—Perilous Situation—Proximate Cause. ·    ·

> One who has found himself in a perilous situation may not be charged with negligence merely because it appears that had he acted in a different manner an accident might possibly have been avoided, provided he has not been negligent in placing himself in such perilous situation.

4. Street Railroads—Automobiles—Negligence—Instructions.

> Instructions relative to streetcar motorman's care in operation of the streetcar which collided with left-turning motorist who had approached from the right and was unable to complete the turn because of oncoming traffic, *held,* not error, where such instructions stated plaintiff's claims that motorman failed to-stop the streetcar after he saw, or could have seen, plaintiff's peril and that he was under a duty to drive the vehicle at a prudent speed with due regard to traffic and other conditions.

5. Same—Speed.

> The rule that an operator of a vehicle must drive it at a prudent speed applies to a streetcar as well as to automobiles.

6. Damages—Evidence—Pain and Suffering—Loss of Earnings—Hospital and Doctor Bills—Automobiles.

> Verdict and judgment for $8,000 to plaintiff *held,* not excessive, where undisputed items of damage for loss of wages, damage to car, doctor and hospital bills totalled $1,375.12, plaintiff proved additional lost wages of $422.80 and other items of special damage for medication and supervisory help in operating her restaurant of $4,486.41 and jury allowed $1,715.67 for pain, suffering and disability.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted April 3, 1957. (Docket No. 15, Calendar No. 46,945.) Decided May 17, 1957.

Case by Citizens' Mutual Automobile Insurance Company, a Michigan corporation, and Pauline Rogers against City of Detroit, Department of Street Railways, a municipal corporation, for personal injuries and property damage sustained when automobile was struck by streetcar. Verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*Charfoos, Gussin, Weinstein & Kroll (Edward Dobreff*, of counsel), for plaintiff Rogers.

*James S. Shields* and *Ralph L. Hayes*, for defendant.

SHARPE, J.  This is an action brought for personal injuries and damages as a result of a collision between an automobile owned and operated by Pauline Rogers, plaintiff, and a streetcar owned and operated by defendant, city of Detroit.

The collision occurred on November 24, 1952, at the intersection of Gratiot and Eastwood avenues in the city of Detroit.  It appears that Pauline Rogers was proceeding in a westerly direction on Eastwood avenue and brought her car to a stop at the intersection of Gratiot avenue.  The traffic conditions were heavy on Gratiot and she waited until the northbound traffic stopped and then she proceeded into Gratiot avenue.  It was her intention to make a left turn and proceed south on Gratiot avenue, but before entering Gratiot avenue she looked to her right and observed that southbound traffic had stopped 2 blocks away at a traffic light at Seven Mile road and that at the point where she was entering Gratiot avenue there was no traffic on the southbound lanes.  She entered the street slowly, observing the traffic to her left and noting a streetcar proceeding north on Gratiot avenue a block away.  At this point she was half way out into the northbound lanes of Gratiot avenue traveling at a speed of 5 miles per hour.

By the time Pauline Rogers got to the streetcar tracks, southbound traffic on Gratiot avenue had started to move and there was no opportunity to complete the left-hand turn.  At this point Pauline Rogers had the front of her car at the inside rail on the northbound streetcar track.  Also, the northbound traffic on Gratiot avenue had started to move.

Plaintiff again looked to her left and saw the street-car over a half a block away. It also appears that there was nothing between the streetcar and plaintiff's automobile to obstruct the view of either the motorman or plaintiff. The streetcar proceeded north without slackening speed while plaintiff kept honking the horn on her car and waving her hands. Plaintiff was on the northbound track for approximately 7 seconds before the collision. A witness testified that he saw the streetcar while it traveled the last 70 feet before the collision and that it took approximately 4 seconds to travel that distance.

Pauline Rogers sustained personal injuries which necessitated her being taken to a hospital. She lost time from work where she was employed and was unable to perform her usual duties at a restaurant which she owned and operated.

At the close of plaintiffs' proofs defendant's counsel made a motion for a directed verdict for the following reasons:

"1. That no proof has been made that the defendant was guilty of any negligence.

"2. The plaintiff has not proven herself free from contributory negligence.

"3. There has been no proof that the proximate cause of the injuries was caused by any negligence of this defendant."

This motion was taken under advisement* and the cause was submitted to the jury. The jury returned a verdict of $8,000 in favor of plaintiff. Thereafter, defendant filed a motion for a new trial, alleging as reasons:

"Because the court erred in not granting defendant's motion for a directed verdict made at the conclusion of the plaintiff's case. * * *

---

* See CL 1948, § 691.691 (Stat Ann 1955 Cum Supp § 27.1465).—Reporter.

"Because the judgment was against the great weight of the evidence.   *   *   *

"Because of the excessiveness of the judgment.

"Because of the prejudicial argument to the jury of the counsel for the plaintiffs."

This motion was also denied.

Defendant appeals and urges that defendant was entitled to a directed verdict of no cause of action on the ground that plaintiffs failed to establish any actionable negligence on the part of defendant.

Extended discussion is unnecessary to establish the negligence of defendant as its motorman had an opportunity to see plaintiff's car on the tracks while he was more than a block away and was traveling the last approximate 70 feet in approximately 4 seconds, or at a rate of about 12 miles per hour. It does not appear that he made any effort to stop the streetcar until the moment of collision. Under these circumstances we conclude that defendant was guilty of negligence.

Was plaintiff guilty of contributory negligence under the circumstances of this case? The facts show that plaintiff proceeded to the place where she stopped after making careful observations, and if she is guilty of contributory negligence it must come from waiting on the streetcar track from 5 to 7 seconds while the streetcar was approaching. It clearly appears that she could not go forward because of cars proceeding south on Gratiot avenue. She could not back up because of cars proceeding north on Gratiot avenue.

Viewed retrospectively it could appear to plaintiff that it would have been better had she attempted to save herself by quitting the automobile before the collision, but that does not determine the question when one is confronted with coming to a quick decision in an emergency. Whether it was reasonable to remain in the automobile or abandon it under the

circumstances presents a question of fact and not one of law.

In *Pampu* v. *City of Detroit,* 315 Mich 618, 624, 625, we said:

"We, however, have frequently held that where someone finds himself in a perilous situation, he cannot be charged with negligence merely because it appears that had he acted in a different manner an accident possibly might have been avoided. His actions are not to be judged by what he should have done had he the opportunity to deliberate. The question of his negligence under those circumstances is for the jury."

See, also, *Burton* v. *Yellow & Checker Cab & Transfer Co.,* 283 Mich 384; *Schnurr* v. *Detroit United Railway,* 222 Mich 591.

We conclude that the trial court was not in error in submitting this question to the jury.

It is also urged that defendant is entitled to a new trial because the trial court erred in charging the jury. The error complained of arises out of the following charge given to the jury:

"Now, what does the plaintiff in this case have to prove by a preponderance of the evidence? What has he or she the burden of proving, in other words. She has the burden of proving 3 things. First of all, that the defendant was negligent. What negligence does she claim the defendant was guilty of? The negligence she claims the defendant was guilty of was a failure to drive his streetcar in such a manner that he could stop it when he saw, or should have seen, that she was in a position of peril on his tracks."

The basis of the claimed error is that there was no negligence shown by plaintiff to substantiate this charge. We are not in agreement.

The trial court also charged the jury:

"I charge you that a driver or operator of a motor vehicle may be negligent in driving at a rate of speed

not in excess of the limit fixed by statute or ordinance.

"I charge you that it is a statutory requirement that a driver in any case shall drive at such speed that will not be unsafe; that one must drive at a careful and prudent rate of speed, not greater nor less than is reasonable and proper, having due regard to the traffic conditions then and there existing at that time, and to all other conditions then and there existing."

The specific complaint made to this charge is that it applies to the driver of a motor vehicle. The substance of the above charge is that one driving a vehicle must drive at a prudent rate of speed. We think that this rule of safe driving also applies to those people who are motormen on streetcars. It was not error to give the above charges.

It is also urged that the verdict of the jury was excessive. The following items of damages are not in dispute:

A. Items of damages conceded by defendant.

| | |
|---|---:|
| Loss by coplaintiff insurance company on subrogation claim | $601.12 |
| Loss by plaintiff Rogers on deductible portion of policy | 50.00 |
| Conceded by defendant as having been proven, loss of wages | 331.20 |
| Total damages conceded | $982.32 |

B. Items of damages stipulated at opening of trial:

| | |
|---|---:|
| Saratoga Hospital | $16.50 |
| Grace Hospital | 191.30 |
| Grace Hospital, 2 additional visits | 40.00 |
| Dr. Gurdjian (approximate) | 85.00 |
| Dr. Shirtell (approximate) | 60.00 |
| Total of stipulated items | $392.80 |

The total of undisputed damages is $1,375.12.

Plaintiff, Pauline Rogers, also offered evidence of lost wages and special damages as follows:

C. Lost wages in excess of that conceded by defendant:

Plaintiff's rate of pay $1.88–1/2 per hour. Daily rate of pay 8 x $1.88–1/2 ............... $15.08

*Plaintiff estimated* her *lost time* at 23 days. Witness Margaret Mink estimated plaintiff's lost days to be about 35 days. The record shows approximately 75 lost days. The jury could well be justified in finding 50 days were lost because of the accident.

50 x $15.08 ....................754.00

Conceded by defendant and previously charged under item 'A' above ........................331.20

Additional lost wages ...........     $422.80

D. Other items of special damages:

Extra wages paid out in operation of restaurant during period of disability ...... $3,541.41

Extra managerial services, 61 weeks at $15 per week .......................... 915.00

Medication ........................ 30.00

$4,486.41

Total special damages (paragraphs A through D) ........................... $6,284.33

We also note that plaintiff's declaration contains the following:

"That as a result of this accident, your individual plaintiff is suffering severe and permanent mental and physical injuries, more particularly described as follows: (1) Great shock to her entire physical nervous system. (2) Traumatic injury and contu-

sion to her right shoulder, left knee, and right thoracic wall posteriorly. (3) Severe and permanent traumatic injuries to the head, resulting in painful headaches. (4) Continual nausea and accompanying dizziness, coupled with associated fainting spells. (5) Intermittent loss of eyesight for several brief periods of time. (6) Traumatic psychoneurosis, accompanied by an anxiety complex. (7) Traumatic contusions and abrasions over left portion of head and left knee."

In the case at bar a jury could find that plaintiff's actual loss in wages lost, damages to automobile, doctor and hospital bills was the sum of $6,284.33, leaving the sum of $1,715.67 for pain, suffering and disability.

We do not find the judgment of $8,000 excessive. The judgment is affirmed, with costs to plaintiffs.

DETHMERS, C. J., and SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.